UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JEROME DOWDELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:05-CV-0319-TS |
| ) | |
| ALCOHOL ABUSE DETERRENT ) | |
| PROGRAM, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

When Jerome Dowdell filed this action, he was a prisoner confined at the Allen County Jail. Mr. Dowdell was released before his motion for leave to proceed without full prepayment of fees and costs was filed, and he is no longer confined in any jail or penal facility. Because Mr. Dowdell has been released from custody, there is no institutional account from which the initial partial filing fee can be paid. For purposes of the Prison Litigation Reform Act, the court must determine the Plaintiff's status on the date the suit or appeal is brought. *Abdul-Wadood v. Nathan,* 91 F.3d 1023 (7th Cir. 1996). Mr. Dowdell was a prisoner when he submitted his complaint. Accordingly, he must submit a copy of his trust account for the time he was at the Allen County Jail so that an initial partial filing fee can be assessed.

Where a prisoner has been released from custody before the court has made an *in forma pauperis* determination, the prisoner must pay any initial partial filing fee he would have been liable for under the analysis of § 1915(b)(1). *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997). In *Robbins*, the court required prepayment of the sum that should have been remitted before release. *Id.* at 898. Failure to pay the initial partial filing fee will result in the dismissal of this case for failure to prosecute.

Section 1915(b)(2) contemplates that a prisoner make installment payments toward the filing fee from his trust account, but a prisoner's release from incarceration means that there is no longer

a prison trust account from which to withdraw payments. When a prisoner is released from custody, the court must reconsider his pauper status and determine his ability to continue to make payments toward the filing fee. *Robbins v. Switzer*, 104 F3d at 898.

For the foregoing reasons, the court AFFORDS Mr. Dowdell to and including November 4, 2005, within which to submit of a copy of his trust account from the Allen County Jail, and within which to advise the court of his current financial situation, and DIRECTS the clerk to forward Mr. Dowdell a copy of the court's *in forma pauperis* petition for non-prisoners along with this order.

SO ORDERED on October 12, 2005.

    /s/  Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT